IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EDWARD PENN,
#27305-045,

        Petitioner,

v.                                                No. 3:17-cv-00978-DRH

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Petitioner Edward Penn is currently incarcerated in the United States Penitentiary at Marion, Illinois ("USP-Marion"). He brings this habeas corpus action pursuant to 28 U.S.C. § 2241, in order to challenge his sentence for sexual exploitation of a minor. *See United States v. Penn*, No. 14-cr-03105-MDH-1 (W.D. Mo.) ("criminal case"). Penn pleaded guilty pursuant to a written plea agreement in the United States District Court for the Western District of Missouri on November 24, 2015. (Doc. 29, criminal case). He was sentenced to 360 months' imprisonment, followed by a life term of supervised release. (Doc. 39, criminal case). He unsuccessfully challenged his sentence on appeal. *See United States v. Penn*, 672 F. App'x 624 (8th Cir. Jan. 5, 2017). In the instant § 2241 Petition, Penn now challenges his written plea agreement and sentence on grounds of ineffective assistance of counsel. (Doc. 1, p. 7). He seeks a reduced sentence or release from custody. (Doc. 1, p. 11).

This matter is before the Court for review of the § 2241 Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. The § 2241 Petition shall be dismissed under this standard.

Penn brings this action pursuant to 28 U.S.C. § 2241, which allows a federal inmate to seek relief against a person who is holding him in custody in violation of his constitutional rights or the law of the United States. *See* 28 U.S.C. § 2241(c). The warden of USP-Marion is currently holding Penn in custody. However, Penn does not name USP-Marion's Warden as a party to this action. *See* 28 U.S.C. § 2242 (an application for a writ of habeas corpus shall name the *person* who has custody over the applicant); *Rumsfeld v. Padilla*, 542 U.S. 426, 442, 447 (2004); *Kholyavskiy v. Achim*, 443 F.3d 946, 948-49 (7th Cir. 2006); *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996). He names the United States Court of Appeals for the Eighth Circuit.

In addition to naming an improper respondent, Penn has pursued the wrong avenue to relief. Penn challenges his sentence by attacking his written plea agreement on grounds of ineffective assistance of counsel. He should have filed a motion under 28 U.S.C. § 2255. That statute provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Relief under § 2255 is generally the exclusive remedy for petitioners who are in Penn's situation. *See* 28 U.S.C. § 2255(e).

In fact, this Court cannot entertain an application for a writ of habeas corpus filed on behalf of an inmate who is authorized, but fails, to apply for relief under § 2255, unless it also appears that the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). To trigger the "savings clause" under § 2255(e), three conditions must generally be met. *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998)). First, a petitioner must show that he relies on a new statutory interpretation case rather than a constitutional case. Second, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Last, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

Penn did not pursue relief under § 2255 before filing the instant § 2241 Petition. He waited until one day after filing this habeas action to file his first Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 in the

United States District Court for the Western District of Missouri. *Penn v. United States*, No. 17-cv-03302-MDH (W.D. Mo. Sept. 13, 2017). That motion is now pending, and this Court takes no position regarding its ultimate merits.

Further, Penn does not invoke or trigger the "savings clause" in his § 2241 Petition. In the absence of any claim that § 2255 is otherwise inadequate or ineffective to test the legality of his detention, Penn's § 2241 Petition shall be dismissed.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated above, the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** with prejudice against Respondent United States Court of Appeals for the Eighth Circuit. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

Petitioner is **ADVISED** that this dismissal does not relieve him of his obligation to pay the full filing fee for this action.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account

records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for petitioner to obtain a certificate of appealability in an appeal from this petition brought under § 2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**
Signed this 3rd day of October, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.10.03 15:39:07 -05'00'

**UNITED STATES DISTRICT JUDGE**